JOHN WITHERELL & *al. vs.* JOHN MILLIKEN *and Trustee.*

Where one had contracted to sell part of a vessel, had received a portion of the purchase money, and was ready to give a bill of sale thereof on being paid the balance, but retained the possession; he *was held* chargeable, as trustee, under the *stat.* of 1835, *ch.* 188.

EXCEPTIONS from the Court of Common Pleas.

It appeared from the disclosure of *Noyes,* that before he was summoned, as trustee, he had agreed to sell the defendant a share in his schooner; that the defendant had paid him the greater portion of the purchase money; that he had requested the defendant to pay the balance and take a bill of sale, and that the defendant had neglected to do it; that by the agreement he was not to give a bill of sale until the whole of the consideration money was paid; and that he was still ready to give a bill of sale to any person lawfully entitled to receive it, on being paid the amount then due. *Noyes* had retained the possession of the schooner.

*C. R. Porter,* for the plaintiffs, cited the *stat.* of 1835, *ch.* 188, concerning mortgages and pledges of personal property, and contended, that this case came within its provisions. The transaction was in fact a sale, and the possession only retained by the vendor until the balance due should be paid to him. The statute extends not only to technical pledges and mortgages, but to all cases, where two persons, one as creditor and the other, as debtor, are interested in the same personal property.

*Thayer,* for the trustee. The terms made use of by the legislature are as well understood, as any in our language. The question is merely, was this share in the schooner pledged or mortgaged by *Milliken* to *Noyes?* The property of the schoon-

Witherell *v.* Milliken.

er never has been in *Milliken,* and he could not pledge it, or mortgage it, to *Noyes,* or to any one else, nor did he attempt it. The defendant had no interest whatever in the vessel, and his only claim was to become the purchaser on paying for the property. He cannot therefore be holden, as trustee, by the provisions of the *stat.* of 1835. Nor can he be holden in consequence of having received money from *Milliken,* because he always has been, and still is, ready and willing to perform the contract on his part.

The opinion of the Court was delivered, at a subsequent term, by

Weston C. J. — At the time of the service of process upon the supposed trustee, the principal debtor had paid two thirds of the stipulated price of the proportion of the vessel, he had agreed to purchase. The general title remained with the trustee, but he was ready and desirous to execute a bill of sale, upon payment of the residue of the price. Viewing the transaction, as both parties understood it, we are of opinion that the trustee must be considered as virtually and substantially holding the vessel, by way of mortgage or pledge, for what remained due of the purchase money. This certainly best accords with the equity of the case, and the policy of the statute, upon which the plaintiff relies. *Stat.* of 1835, *ch.* 188. This construction is aided by the case of *Pearce et al.* v. *Norton,* 1 *Fairf.* 252. There the plaintiffs, original owners of a vessel, had agreed to sell her to the defendant, and had delivered her to him, he agreeing to furnish security for the price, or to return her, within a stipulated time. The title remained with the plaintiffs, which they were considered as holding by way of mortgage, as security for the price.

In the case before us, the trustee is ready and willing to give the principal debtor, or the plaintiffs, his creditors, if the court shall so adjudge, the benefit of the property in his hands, upon being paid what is due to him. Under all the circumstances, in our judgment, the order of the court below ought to be affirmed.

*Exceptions overruled.*